BEARD et v MAHER

Ohio Appeals, 2nd Dist, Darke Co

No 497.   Decided April 13, 1936

Murphy & Staley, Greenville, and Harley D. Enyeart, Troy, for plaintiffs in error.

Billingsley & Manix, Greenville, for defendant in error.

## OPINION

### By BODEY, J.

This is an error proceeding from the Court of Common Pleas. Plaintiffs in error were defendants below and defendant in error was plaintiff below. We will refer to the parties as they appeared in the lower court.

On September 4, 1934, cognovit judgment was rendered in favor of the plaintiff and against the defendants on a promissory note. This note was dated December 6, 1933 and was due four months after date. At the bottom of the note, following the printed word 'due' appeared the written words 'Apr. 6—33'.

On March 8, 1935, a petition was filed by the defendants to vacate said judgment. At the same time, the defendants proffered to the court the answer which they proposed to file to said petition of the plaintiff. That answer contained the two following defenses, to-wit:

"First defense. Come now the defendants, Frank Beard and Frances Beard, and deny that they ever signed the note set forth in the plaintiff's petition and marked Exhibit A.

Second defense. For their second defense, these defendants aver that on the 6th day of December, 1932, they signed a note payable to the First National Bank, of Pitsburg, Ohio, for the sum of Three Hundred Fifteen ($315) dollars; that at the time of the making of said note to the First National Bank of Pitsburg, Ohio, The First National Bank of Pitsburg, Ohio, was indebted to them in the sum of two hundred ($200) dollars, together with interest thereon at the rate of six per cent per annum from the 23rd day of July, 1920; that on said date of the 23rd day of July, 1920, these defendants deposited in said bank the sum of two hundred ($200) dollars, on which day they were given credit by said Bank and a credit was entered

in their said bank book issued by the First National Bank of Pitsburg, Ohio; that, thereafter, on the 28th day of February, 1921, and the 13th day of July, 1921, the Bank balanced their said book, and on each balance said credit of two hundred ($200) dollars remained, but after the 13th day of July, 1921, the said Bank removed and took from said defendants' balance in said bank the sum of two hundred ($200) dollars and drew a pencil line of their credit in their pass-book; that at no time were they given any credit for said two hundred ($200) dollars upon their said indebtedness, which at that time exceeded the sum of one thousand two hundred forty-five ($1245) dollars.

These defendants further aver that as soon as they were advised the credit had been withdrawn, they remonstrated with the agents and managing officers of said Bank, and that they were advised that there was error in the books of said Bank and that when the indebtedness which they owed said Bank should be reduced and they were ready to settle said indebtedness, proper credit would then be made for said two hundred ($200) dollars.

These defendants further aver that they have paid interest to the First National Bank of Pitsburg, Ohio, at the rate of seven per cent per annum from the 23rd day of July, 1920, upon said sum of two hundred ($200) dollars, and that upon said indebtedness they are entitled to credit for said two hundred ($200) dollars plus interest from the 23rd day of July, 1920; that said two hundred ($200) dollars and interest accrued thereon will more than satisfy the indebtedness now held by the said plaintiff against them and that by reason whereof, they are not indebted to the said plaintiff in the sum prayed for in his petition, or any sum whatsoever."

The lower court sustained defendants' prayer to suspend the judgment and permitted said proffered answer to be filed.

Thereafter, the plaintiff filed a reply to this answer. In his reply, plaintiff denied 'all of the allegations in the said answer contained which do not admit the allegations of plaintiff's petition.'

Thereupon the cause came on for trial before a jury. After the jury was empanelled and sworn, and before counsel made their opening statements, counsel for the defendants asked leave to withdraw the first defense contained in their answer and to amend their second defense by changing the date of the signing of the note therein mentioned to December 6, 1933

rather than December 6, 1932. Leave was granted as requested.

Counsel for plaintiff then interposed a motion and demurrer in the following words:

"At this time we want to interpose a demurrer and move for a judgment on the pleadings in the case."

This motion and demurrer were overruled. It may be noted that in the argument counsel for plaintiff called attention of the court to the fact that the defendants by their second defense were claiming the benefit of a payment made some fifteen years before.

Counsel then made their opening statements to the jury, at the conclusion of which counsel for plaintiff renewed its motion in the following language:

"I want to renew my motion for a directed verdict at this time upon the opening statement of counsel."

It does not appear that this motion was passed upon by the court.

The defendants then introduced their evidence. At the conclusion thereof, counsel for plaintiff moved for a directed verdict on the ground, among others, that the attempted set off of the defendants would be barred by the Statute of Limitations. It does not appear that this motion was passed upon by the court. However, during argument, counsel for the plaintiff asked leave of court to amend his reply by inserting the following language:

"J. E. Maher, Receiver of The First National Bank of Pitsburg, Ohio, for his further reply says that the claims set forth in the second defense of the answer of the defendants are barred by the Statute of Limitations."

Leave to so amend was granted by the court over the objection of the defendants. Exceptions were saved to the court's ruling.

The plaintiff then introduced his testimony and counsel for defendants called one witness in rebuttal. When the defendants finally rested, counsel for the plaintiff renewed his motion for a directed verdict, which was overruled.

The case was then submitted to the jury which returned a verdict for the defendants.

Counsel for plaintiff filed separate motions for judgment non obstante veredicto and for a new trial. Upon hearing the court sustained the motion for judgment non obstante veredicto and overruled the motion for a new trial. The defendants now prosecute error from the order of the court entering judgment notwithstanding the verdict.

Among the errors complained of is one that the court erred in permitting the defendant in error to amend his answer at bar so as to plead the Statute of Limitations. While we shall pass upon each of the seven errors specified, it occurs to us that this is the particular claim upon which defendants must rely. In passing upon a motion for judgment non obstante veredicto the trial court may only consider the pleadings. If they state a cause of action the motion must be overruled, although the evidence in the case fails to support the allegations of the pleading. Trial and Appellate Practice in Ohio, Hornbeck and Adams, page 212, §114; §11601 GC prior to the amendment which became effective September 2, 1935. As the pleadings in the case at bar appeared at the time the trial court passed upon the motion for judgment notwithstanding the verdict, such motion should have been sustained. This is necessarily true because plaintiff's plea of the Statute of Limitations in his reply defeated the claim of payment and credit set out in the answer. The court reaches this conclusion because it is of opinion that the allegations of the second defense of this answer do not set up a charge of fraud and deceit. It is a general rule that representations, in order to be actionable, must concern past or existing facts. Ordinarily an action for fraud or deceit may not be based upon the promise or agreement of a person to do something in the future. However, there is an exception to this rule, viz: such promises to do something in the future are actionable if there is no intention on the part of the promisor to perform at the time he makes the promises. A general discussion of this question will be found in 19 O. J., 357-359, §§51, 52 and 53. The answer of the defendants does not come within this exception. At no place may be found an allegation to the effect that the officers of the bank in making the promises to give proper credit for the Two Hundred Dollars in dispute did not intend to carry out their promises at the time they were made. In the absence of such an allegation, the answer of the defendants did not set forth an allegation of actionable fraud or deceit.

Did the court commit error when it granted leave to plaintiff to amend his reply at bar by inserting his defense of the bar of the Statute of Limitations as against defendant's claim of payment? In the briefs and in the oral argument presented to the court during the trial, counsel for defendants contended that the plaintiff had waived his right to interpose a demurrer and motion for judgment on the pleadings and had waived his right to plead the Statute of Limitations in bar by originally filing his reply which consisted of a general denial. Some authority has been submitted in support of this claim. However, we do not believe that it is applicable when the demurrer is proposed to an answer. The Code provides that advantages of the bar of the Statute of Limitations may be taken by demurrer to a petition. If not so taken, and if not pleaded in the answer, this defense is deemed to have been waived by a defendant. §§11309-11311 GC. A majority of the Supreme Court has stated that a demurrer to a petition must be special when it is desired to raise the bar of the Statute. **H. E. Culbertson Co. et v Warden, 123 Oh St, 297.** Prior to the time that the bar of the Statute was made a special ground of demurrer the court had held that a demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action raised the question of the Statute of Limitations as well as other defects in the petition. **Seymour v Railway Co., 44 Oh St, page 12.** An examination of §11324 GC, entitled 'Causes of Demurrer to Answer' discloses that the bar of the Statute of Limitations is not included as one of the grounds for demurrer to an answer. The fourth, fifth and sixth grounds of this section are:

"That the facts stated do not constitute a counter-claim;

That the facts stated do not constitute a set-off;

That the counter-claim or set-off does not state facts which entitle the defendant to the relief demanded."

It would, therefore, appear that a plaintiff who desired to raise the bar of the Statute of Limitations to a defense set out in an answer such as we have in the case at bar could so do by demurring generally on the ground that the facts stated do not constitute a counter-claim or set-off or that the facts do not entitle the defendant to the relief demanded. Such procedure would be consistent with the holding of the court in Seymour v Railway Company, supra. It is a well recognized principle that the claim that a pleading does not state facts sufficient to make a cause of action may be raised by demurrer at any time during the trial of the case. This ground of demurrer, as well as that of lack of jurisdiction, is not waived by pleading. It is our view that the plaintiff could raise the question of the bar of the Statute of Limitations by filing a general demurrer to this answer and that if such a demurrer was filed the same should have been sustained. The plaintiff through his counsel interposed a general demurrer before the opening statements were made and after the defendants had withdrawn their first defense. Thereafter, at every available opportunity, this demurrer and this motion for a directed verdict were renewed. It is our judgment that, after the first defense of the answer was withdrawn, the trial court should have sustained plaintiff's demurrer and should have directed a verdict in his favor. That being true, it follows that no rights of the defendants were transgressed when the court finally permitted plaintiff to amend his reply by setting forth his plea of bar of the Statute of Limitations. As hereinbefore stated, with the amended pleadings before the court it properly sustained plaintiff's motion for a judgment non obstante veredicto.

We do not find that the court abused its discretion in sustaining the motion for judgment notwithstanding the verdict. No discretion was involved. It was a matter of rendering judgment under the law on the pleadings as they then existed.

We find no error in the admission or rejection of evidence.

The judgment of the trial court was not contrary to law but was in accord therewith. Therefore, judgment could not have been given for the defendant.

A full examination of the record leads us to the conclusion that substantial justice has been accomplished between the parties and that no error prejudicial to plaintiffs in error has intervened. The judgment of the trial court is affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.